# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-630V

| | |
|---|---|
| CARMEN KIENOW,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: September 20, 2024 |

*Catherine Wallace Costigan*, Maglio Christopher & Toale, Washington, DC, for Petitioner.

*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On January 12, 2021, Carmen Kienow filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered to her on September 26, 2019. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

I issued a fact ruling regarding onset and situs on May 1, 2024, finding that Petitioner received the flu vaccination in her right shoulder and that the onset of her vaccine-related shoulder pain occurred within 48-hours of the subject vaccination. ECF No. 53. Following the filing of Respondent's amended Rule 4(c) report, on July 24, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF Nos. 58, 60.

On September 19, 2024, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $62,500.00 in pain and suffering, $290.69 in past unreimbursable expenses, and $1,512.23 to satisfy a State of Arizona Medicaid lien – which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of Arizona may have against any individual as a result of any Medicaid payments that the State of Arizona has made to or on behalf of Petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about September 26, 2019, under Title XIX of the Social Security Act. Proffer at 1-2, ECF No. 64. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner two lump payments as described below:**

1) **A lump sum payment of $62,790.69 for pain and suffering and past unreimbursable expenses, in the form of a check payable to Petitioner; and**

2) **A lump sum payment of $1,512.23, representing compensation for satisfaction of the State of Arizona Medicaid lien, payable jointly to Petitioner and to:**

   **Recovery Management Systems**
   **P.O. Box 5850**
   **Peoria, Arizona 85385**
   **ID: A95650434**

   **Petitioner agrees to endorse this payment to Recovery Management Systems for satisfaction of the Medicaid lien.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CARMEN KIENOW, ) | |
| Petitioner, ) | |
| ) | No. 21-630V **(ECF)** |
| v. ) | Chief Special Master Corcoran |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| Respondent. ) | |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 12, 2021, Carmen Kienow ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccination that she received on September 26, 2019.  ECF No. 1 at 1, 4. Petitioner filed her first amended petition on January 22, 2021, in which she corrected the date that she received the flu vaccination.  ECF No. 5 at 1.  The first amended petition did not contain any changes to the legal allegations that petitioner has made in this case.  *See id.*  On May 9, 2023, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) report, in which he argued that petitioner had failed to demonstrate that she suffered a SIRVA.  ECF No. 43.  On July 10, 2023, petitioner filed her second amended petition, which contained revised allegations regarding the timing of the onset of her right shoulder pain.  ECF No. 46.

Also on July 10, 2023, petitioner filed a motion for findings of fact regarding timing of onset and site of vaccination.  ECF No. 48.  On July 21, 2023, petitioner filed a memorandum in

support of her motion for findings of fact regarding timing of onset and site of vaccination. ECF No. 49. On September 11, 2023, respondent filed his response to petitioner's motion for findings of fact regarding timing of onset and site of vaccination. ECF No. 50. On September 18, 2023, petitioner filed a reply to respondent's response. ECF No. 51. On May 1, 2024, Chief Special Master Corcoran issued his Fact Ruling on Onset and Situs, in which he found, more likely than not, that petitioner received the flu vaccination in her right shoulder, and that the onset of petitioner's right shoulder pain occurred within forty-eight hours of her receipt of the flu vaccination. ECF No. 53 at 2, 11. On July 15, 2024, respondent filed his amended Rule 4(c) report, in which he confirmed that he elected not to defend entitlement further in this case. ECF No. 58 at 3, 12. On July 24, 2024, Chief Special Master Corcoran issued his Ruling on Entitlement, in which he found that petitioner was entitled to compensation.[1] ECF No. 60.

**I.     Items of Compensation**

     A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $62,500.00 for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

     B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses pertaining to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $290.69. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of Chief Special Master Corcoran's July 24, 2024 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

C.  <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy a State of Arizona Medicaid lien in the amount of $1,512.23, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of Arizona may have against any individual as a result of any Medicaid payments that the State of Arizona has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about September 26, 2019, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.  Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner be made through two lump sum payments as described below:

1)  A lump sum payment of $62,790.69 in the form of a check payable to petitioner.[2]

2)  A lump sum payment of $1,512.23, representing compensation for satisfaction of the State of Arizona Medicaid lien, payable jointly to petitioner and to:

> Recovery Management Systems
> P.O. Box 5850
> Peoria, Arizona 85385
> ID:  A95650434

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

3

Petitioner agrees to endorse this payment to Recovery Management Systems for satisfaction of the Medicaid lien.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

*/s/ Benjamin P. Warder*
BENJAMIN P. WARDER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Telephone: (202) 532-5464
Email: Benjamin.P.Warder@usdoj.gov

DATE:  September 19, 2024