# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0630V

| | |
|---|---|
| CARMEN KIENOW,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: January 30, 2025 |

*Catherine Wallace Costigan*, Maglio Christopher & Toale, Washington, DC, for Petitioner.

*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 12, 2021, Carmen Kienow filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccination administered to her on September 26, 2019. Petition at 1, ¶¶ 1, 20. On September 20, 2024, I issued a decision awarding damages to Petitioner, based on the Respondent's proffer. ECF No. 65.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $93,668.54 (representing $89,811.50 for attorney's fees and $3,857.04 for attorney's costs). Petitioner Application for Attorneys' Fees, filed Nov. 4, 2024, ECF No. 70. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 70-3.

Respondent reacted to the motion on November 18, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 71. Petitioner did not file a reply.

Having reviewed of the billing records submitted with Petitioner's requests, I find a reduction in the amount of fees and costs to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. However, a portion of one task performed by Anne Toale (a named partner at Petitioner's counsel's law firm) is more properly billed using a paralegal rate. ECF No. 70-1 at 29 (entry dated 8/30/22). "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Given that Ms. Toale likely saved time by performing these tasks herself, I will allow reimbursement at an attorney rate for the full time involved in this entry, only 1.0 hour in total.

Regarding the time billed, however, I deem the *total* amount of time devoted to briefing the factual issues of situs and onset to be excessive. *See* Petitioner's Motion for Findings of Fact Regarding Timing of Onset and Site of Vaccination, filed July 10, 2023, ECF No. 48; Petitioner's Reply in Support of Findings of Fact Regarding Timing of Onset and Site of Vaccination and Renewed Motion for a Fact Hearing (If Necessary), filed Sept. 18, 2023, ECF No. 51. Petitioner's counsel expended approximately 23.6 hours drafting the motion and 8.0 hours drafting the reply, totaling 31.6[3] hours.

It is unreasonable for counsel to spend so much time briefing the factual issues of situs and onset in this case, where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[4] in which attorneys have accomplished this task in about half the time.[5] I also note that the

---

[3] This total is calculated as follows: 31.4 hours billed on 6/10/23, 6/12/23, 6/6/26/23 (three entires), 6/27/23 (two entries), 6/28/23 (two entries), 7/7/23 (two entries), 7/8/23 (two entries), 7/10/23, 8/11/23, 9/12/23, 9/18/23, by Anne Toale at a rate of $535; and 0.2 hours billed on 9/18/23, by paralegal Melissa Sealy at a rate of $180. ECF No. 70-1 at 38-41.

[4] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[5] *See,* e.g., *Patel v. Sec'y of Health & Hum. Servs.*, No. 20-0036V (Dec. 30, 2024) (12.0 and 5.9 hours billed for drafting a motion for a fact ruling and reply, respectively); *Beyer v. Sec'y of Health & Hum. Servs.*, No. 21-0101V (Dec. 30, 2024) (14.3 hours billed for drafting a motion for a fact ruling); *Collins v. Sec'y of*

3

amount of attorney's fee and costs sought in this case is approximately $30,000.00 more than the compensation awarded to Petitioner. ECF No. 65.

Of course, having prevailed in this case, a fees award is generally appropriate. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for entitlement briefing (**a total of 31.6 hours, or $16,835.00)** by *twenty percent*.[6] Such an across-the-board reduction (which I am empowered to adopt)[7] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $3,367.00.**[8]

---

*Health & Hum. Servs.*, No. 20-1715V (Dec. 27, 2024) (15.2 billed for drafting an entitlement brief and 0.7 hours to review Respondent's response); *Lucey v. Sec'y of Health & Hum. Servs.*, No. 21-0418V (Sept. 30, 2024) (14.1 and 6.8 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Washburn v. Sec'y of Health & Hum. Servs.*, No. 21-0481V (Sept. 26, 2024) (12.8 hours billed for drafting an entitlement brief); *Fletcher v. Sec'y of Health & Hum. Servs.*, No. 20-0127V (Apr. 25, 2024) (12.7 and 9.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Lamine v. Sec'y of Health & Hum. Servs.*, No. 20-1560V (Mar. 27, 2024) (8.9 and 7.2 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Davenport v. Sec'y of Health & Hum. Servs.*, No. 20-0206V (Mar. 25, 2024) (16.5 and 2.6 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Graczyk v. Sec'y of Health & Hum. Servs.*, No. 21-0376V (Feb. 9, 2024) (5.8 and 8.3 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Sisneros v. Sec'y of Health & Hum. Servs.*, No. 20-2070V (Feb. 8, 2024) (0.8 and 10.5 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *Strand v. Sec'y of Health & Hum. Servs.*, No. 20-0365V (Feb. 5, 2024) (7.9 and 7.2 hours billed for drafting an entitlement brief and a responsive entitlement brief, respectively); *Griswold v. Sec'y of Health & Hum. Servs.*, No. 19-1674V (May 30, 2024) (5.0 and 2.0 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively); *McCallum v. Sec'y of Health & Hum. Servs.*, No. 19-1991V (May 19, 2023) (8 hours billed for drafting an entitlement brief); *Weso v. Sec'y of Health & Hum. Servs.*, No. 19-0596V (May 16, 2024) (6.0 and 1.1 hours billed for drafting an entitlement brief and responsive entitlement brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Dec. 7, 2024).

[6] Because the amount of excessive hours was not as egregious as in previous cases, I will reduce the hours billed by a lower amount than I otherwise would apply. *See,* e.g., *Callejas v. Sec'y of Health & Hum. Servs.,* No. 20-1767V, 2023 WL 9288086 (Fed. Cl. Spec. Mstr. Oct. 24, 2023).

[7] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[8] This amount is calculated as follows: (31.4 hrs. x $535 x .20) + (0.2 hrs. x $180 x .20) = $3,367.00.

4

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs, except for a small amount of postage which I will nevertheless reimburse. ECF No. 70-2. And Respondent offered no specific objection to the rates or amounts sought. Thus, I find the amount of costs sought to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$90,301.54 (representing $86,444.50 for attorney's fees and $3,857.04 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[9]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.